IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: _____

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAYMES MEYER )<br>  A/K/A "JAMES MEYER," )<br>)<br>Defendant. ) | CONSENT ORDER AND<br>JUDGMENT OF FORFEITURE<br>PENDING RULE 32.2(c)(2) |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense to which the Defendant has pled guilty and that the Defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

> A forfeiture money judgment in the amount of $4,800,000. such amount constituting the proceeds of the 18 U.S.C. § 1503(a) offense set forth in the Bill of Information;

The following properties, provided, however, that such properties shall not be forfeited and included in the Judgment in a Criminal Case if, at or before sentencing in this matter, they have been voluntarily relinquished by Defendant to the Receiver in *Securities and Exchange Commission v. Rex Venture Group, et. al.* (WDNC 3:12CV519) or a related case by the Receiver against Defendant:

> a. The real property constituting Block 9, Parcel 24, Norway & Fivecays Section, on the Providenciales Island, Turks & Caicos;
>
> b. The real property constituting 1175 First Avenue, Napa, California, 94558; and
>
> c. Any and all interest in the following entities, as well as any funds or other assets, in accounts or otherwise, held in the name of, by, and/or

for the benefit of the entities: RVG Corporate Trust; Fidus, LLC; Spiritum Holdings Irrevocable Trust; and Bella Vita, Ltd.

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of defendant's crime herein and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
JAYMES MEYER
Defendant

_____ 3/9/16
BRIAN CROMWELL, ESQ.
Attorney for Defendant

Signed this the __8th__ day of __March__, 2016.

_____
UNITED STATES Magistrate JUDGE
3-22-16